# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RUSSO TRADING COMPANY, INC.,

　　　　　　　　　　　　Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　Case No. 18-CV-1851-JPS

DONNELLY DISTRIBUTION LLC,　　　　　　　**ORDER**

　　　　　　　　　　　　Defendant.

**1.　　INTRODUCTION**

On November 26, 2018, Plaintiff Russo Trading Company, Inc. ("Russo") filed this lawsuit claiming infringement of claims 6 and 7 of United States Patent No. 9,279,259 (the "'259 Patent"). *See* (Docket #1). On March 8, 2019, the parties filed a joint motion to stay all proceedings in this case. (Docket #22). Their motion indicates that on March 1, 2019, Defendant Donnelly Distribution LLC ("Donnelly") filed a petition for *inter partes* review ("IPR") with the Patent Trial and Appeal Board ("PTAB") seeking invalidation of the patent claims on which this infringement action is based. *Id.* The parties seek a stay of this case while the PTAB considers Donnelly's IPR petition. *Id.*

**2.　　BACKGROUND**

To place this request in context, the Court first outlines the probable timeline for resolution of Donnelly's IPR petition. When such a petition is filed, the patent owner, in this case Russo, has three months from "the date of a notice indicating that the request to institute an *inter partes* review has been granted a filing date" to file a preliminary response. 37 C.F.R. §

42.107(b). The date of that notice in this case was March 8, 2019, *see* (Docket #23-6), meaning Russo's preliminary response is due in early June 2019. Although there is an avenue for the patent owner to expedite the proceeding—by filing an election to waive its preliminary response—there is no provision for extending the deadline. *See id.*

Then, the deadline for the PTAB to determine whether to institute an IPR is three months after the patent owner's preliminary response to the petition is due. 35 U.S.C. § 314(b). Therefore, the latest date on which the parties in this case could expect a decision on Donnell's IPR petition is early September 2019.

**3.     ANALYSIS**

This Court has authority, and broad discretion, to stay a case pending *inter partes* review before the PTAB. *See, e.g., Procter & Gamble Co. v. Kraft Foods Global, Inc.*, 549 F.3d 842, 848–49 (Fed. Cir. 2008) (citing 35 U.S.C. § 318). District courts typically analyze a request for a stay under a three-factor test: "(i) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (ii) whether a stay will simplify the issues in question and trial of the case; and (iii) whether discovery is complete and whether a trial date has been set." *Murata Mach. USA v. Daifuku Co., Ltd.*, 830 F.3d 1357, 1361 (Fed. Cir. 2016) (internal quotations and citation omitted).

The Court has the "discretionary prerogative to balance considerations beyond those captured by the three-factor stay test. The burden litigation places on the court and the parties when IPR proceedings loom is one such consideration that district courts may rightfully choose to weigh." *Id.* at 1362. A stay of patent litigation is "particularly justified when the outcome of a PTO proceeding is likely to assist the court in determining

patent validity or eliminate the need to try infringement issues." *Intellectual Ventures II LLC v. BITCO Gen. Ins. Corp.*, 2016 WL 4394485, *2 (E.D. Tex. May 12, 2016) (internal quotations and citation omitted).

### 3.1 Simplification of Issues

The strongest factor weighing in favor of a stay in this case is the potential for significant simplification of the issues. The IPR asserts that claims 6 and 7 of the '259 patent are unpatentable. *See* (Docket #23-1). Those are the precise claims being challenged in this lawsuit. If the PTAB cancels claims 6 and 7, there will be no issue to try in this case. If the PTAB finds claims 6 and 7 valid, Donnelly will be estopped from raising prior art invalidity arguments that could have been raised in the IPR. 35 U.S.C. § 315(e)(2). Finally, the PTAB's claim construction rulings would inform the analysis required of the Court in this case, should it continue. *See* 37 C.F.R. § 42.100(b) (in a IPR proceeding, "a claim of a patent . . . shall be construed using the same claim construction standard that would be used to construe the claim in a civil action under 35 U.S.C. § 282(b)[].").

### 3.2 Lack of Prejudice

Both parties agree that a stay would be beneficial. Russo, the non-moving party, has jointly requested the stay and has indicated that it will not suffer prejudice if the stay is granted. The Court has not independently identified any reason why a stay would prejudice either party. Therefore, this factor weighs in favor of the stay.

### 3.3 Early Stage of Litigation

Finally, this case is still in its early stages, even taking in account this Court's speedy trial calendar. The parties indicate that they have exchanged one round of written discovery, but no depositions are scheduled, and expert discovery does not open until May 3, 2019. The dispositive motion

deadline is in early July, and a trial is scheduled for November 2019. Because of this Court's practice of setting a trial date at the outset of the case, the fact that trial is set in this case adds little to the Court's analysis. *See Milwaukee Elec. Tool Corp. v. Hilti, Inc.*, 138 F. Supp. 3d 1032, 1037 (E.D. Wis. 2015). A short stay of this case will reduce the litigation burden on both the parties and the Court pending resolution of the IPR petition.

**4. CONCLUSION**

In light of the foregoing, the Court will exercise its discretion to stay this case during the pendency of Donnelly's IPR petition. The case will be stayed until the PTAB issues its decision regarding the IPR petition or September 9, 2019, whichever is earlier. The parties are instructed to notify the Court immediately after receiving a decision from the PTAB regarding Donnelly's petition. The Court will also vacate all pending dates and deadlines of its trial scheduling order, *see* (Docket #19), and will reset those dates after the stay is lifted.

Accordingly,

**IT IS ORDERED** that the parties' joint motion to stay (Docket #22) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that this case be and the same is hereby **STAYED** until the PTAB issues its decision regarding Defendant's petition for *inter partes* review or September 9, 2019, whichever is earlier; and

**IT IS FURTHER ORDERED** that all pending dates and deadlines of the Court's trial scheduling order (Docket #19) – including the dispositive motion deadline of July 5, 2019 and the trial date of November 18, 2019 – be and the same are hereby **VACATED**.

Dated at Milwaukee, Wisconsin, this 4th day of April, 2019.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge